**SO ORDERED: October 28, 2026.**

James M. Carr
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| IN RE:<br><br>KEMNA RESTORATION AND CONSTRUCTION, INC.,<br><br>Debtor. | Case No. 25-01659-JMC-7A |
| NICALE L. RECTOR, TRUSTEE for the Bankruptcy Estate of KEMNA RESTORATION AND CONSTRUCTION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>QUICK FUNDING GROUP LLC d/b/a QUICK FUNDING GROUP,<br><br>Defendant. | Adversary Proceeding No. 25-50106 |

## ENTRY GRANTING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

This adversary proceeding came before the Court on *Trustee's Motion for Summary Judgment* filed by NiCale L. Rector, chapter 7 trustee ("Trustee"), on September 4, 2026 (Docket

No. 33) (the "Motion"). The Court, having reviewed the Motion, *Trustee's Brief in Support of Motion for Summary Judgment* filed by Trustee on September 4, 2026 (Docket No. 34), and the designated evidence attached to the Motion, having noted that no response to the Motion was timely filed by Quick Funding Group LLC d/b/a Quick Funding Group ("Defendant"), and being otherwise duly advised, now **GRANTS** the Motion.

*Summary Judgment Standard*

Trustee moves the Court to enter summary judgment in her favor and against Defendant pursuant to Fed. R. Civ. P. 56, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056. To obtain summary judgment, Trustee must show that there is no genuine dispute as to any material fact and that Trustee is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The burden rests on Trustee, as the moving party, to demonstrate that there is an absence of evidence to support the case of Defendant, the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). After Trustee demonstrates the absence of a genuine issue for trial, the responsibility shifts to Defendant to "go beyond the pleadings" to cite evidence of a genuine issue of material fact that would preclude summary judgment. *Id*. at 324, 106 S.Ct. at 2553. If Defendant does not come forward with evidence that would reasonably permit the Court to find in Defendant's favor on a material issue of fact (and if the law is with Trustee), then the Court must enter summary judgment against Defendant. *Waldridge v. Am. Hoechst Corp*., 24 F.3d 918, 920 (7th Cir. 1994) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986); *Celotex*, 477 U.S. at 322-24, 106 S.Ct. at 2552-53; and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-52, 106 S.Ct. 2505, 2511-12, 91 L.Ed.2d 202 (1986)).

*Defendant's Deemed Admissions*

Fed. R. Civ. P. 36(a), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7036, provides that "(1) [a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either". Fed. R. Civ. P. 36(a)(3) specifies that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Because the rule is self-executing, "[r]equests are automatically admitted unless an objection or response is forthcoming within the time required." *Indiana Troopers Ass'n, Inc. v. Campaign Res, Inc. (In re Indiana Troopers Ass'n, Inc.)*, 2010 Bankr. LEXIS 1374, at *3 (Bankr. N.D. Ind. Apr. 9, 2010).

"Admissions made under Rule 36, even default admissions, can serve as the factual predicate for summary judgment." *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987) (citation omitted). "[Fed. R. Civ. P. 36(b)] provides that a matter admitted is 'conclusively established.' " *Id.*

As established in the unrefuted Motion, and particularly the *Affidavit of Emily B. Weidner* attached to the Motion as Exhibit 2 (Docket No. 33-2), Defendant did not respond to *Trustee's First Set of Requests for Admission to Defendant, Quick Funding Group, LLC d/b/a Quick Funding Group* (Docket No. 33-3) (the "Admissions"). The consequence of Defendant's lack of response is that each matter addressed in the Admissions is deemed ADMITTED.

Accordingly, Defendant is deemed to have admitted each of the following material facts:

Admission No. 1: "[O]n the Petition Date, [Defendant] owned no interest in Debtor."

Admission No. 2: Defendant "received the Transfers identified in paragraph 11 of the Complaint."

Admission No. 3: Defendant "received the Transfers within 90 days of the Petition Date."

Admission No. 4: Defendant "received a Transfer of interest in property of the Debtor within 90 days of the Petition Date."

Admission No. 5: The "Transfers were initiated within 90 days of the Petition Date."

Admission No. 6: The "Transfers were to or for [Defendant's] benefit."

Admission No. 7: The "Transfers were on account of an antecedent debt owed by the Debtor before such Transfer was made."

Admission No. 8: "Debtor was insolvent at the time of the Transfers."

Admission No. 9: The "amount of the Transfers is more than [Defendant] would have received if this case was under Chapter 7."

Admission No. 10: The "amount of the transfers is more than [Defendant] would have received if this case was under Chapter 7 and the Transfers had not occurred."

Admission No. 11: Defendant was "a Creditor of Debtor."

Admission No. 12: Defendant "had knowledge that the Debtor was insolvent when the Transfers were initiated."

Admission No. 13: "Exhibit 'A' to plaintiff's complaint is a true, exact, and authentic copy of the Forbearance Agreement."[1]

Admission No. 14: Defendant "gave Debtor less than a reasonably equivalent value in exchange for the Transfers."

Admission No. 15: The "Transfers were made pursuant to the Forbearance Agreement."

Admission No. 16: The "Transfers were not a contemporaneous exchange for value."

---

[1] The Court disregards this deemed admitted fact because the Forbearance Agreement purportedly attached to the complaint was not, in fact, attached to the complaint initiating this adversary proceeding.

Admission No. 17: Defendant has "no evidence the Transfers were a contemporaneous exchange."

Admission No. 18: "[T]here was no mutual intent for the Transfers to be a contemporaneous exchange."

Admission No. 19: "[T]here was no new value from [Defendant] to plaintiff [*sic*] in exchange for the Transfers."

Admission No. 20: Defendant "gave nothing in exchange for the Transfers."

Admission No. 21: "[E]ach such Debt was an Antecedent Debt at the time of the Transfers."

Admission No. 22: The "Transfers were made to [Defendant] to satisfy a debt in whole or in part."

Admission No. 23: The Document attached [to the Admissions] as Exhibit 'B' is a true, exact, and authentic copy of the Contract between [Defendant] and Debtor."[2]

*Additional Undisputed Material Facts*

24. The amount of the transfers (the "Transfers") made by Kemna Restoration and Construction, Inc. ("Debtor") within the ninety days preceding the petition date of March 28, 2025 (the "Petition Date") is $130,641. (*Affidavit of NiCale L. Rector in Support of Motion for Summary Judgment*, ¶ 6, Docket No. 33-1.)

*Reasoning*

Count I – The Transfers are Preferential Pursuant to 11 U.S.C. § 547(b)[3]

Trustee seeks to avoid the Transfers made during the ninety days immediately preceding

[2] The Court disregards this deemed admitted fact because the Contract purportedly attached to the Admissions is not part of the evidence submitted by Trustee to the Court with the Motion.

[3] All statutory references herein are to the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

the Petition Date in the amount $130,641 as preferential pursuant to § 547(b), which provides:

> [T]he trustee may … avoid any transfer of an interest of the debtor in property –
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made –
> (A) on or within 90 days before the date of the filing of the petition; … and
> (5) that enables such creditor to receive more than such creditor would receive if –
> (A) the case were a case under chapter 7 of this title;
> (B) the transfer had not been made; and
> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

The purpose of § 547(b) is to "promote equality of distribution among all creditors while simultaneously [deterring] creditors from 'racing to the courthouse to dismember the debtor during [his] slide into bankruptcy' ". *Kleven v. Household Bank F.S.B.*, 334 F.3d 638, 641 (7th Cir. 2003) (quoting *Union Bank v. Wolas*, 502 U.S. 151, 161, 112 S.Ct. 527, 116 L.Ed.2d 514 (1991)).

To recover the amount of a payment as a preference, it must be proved that the payment was: (1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt; (3) made while debtor was insolvent; (4) made on or within 90 days before debtor filed its bankruptcy petition; and (5) enabled the creditor to receive more than it would have received had debtor not made the payment. Bankruptcy Code § 547(b); *Energy Coop., Inc. v. Socap Int'l, Ltd. (In re Energy Coop., Inc.),* 832 F.2d 997, 999-1000 (7th Cir. 1987).

Trustee has the burden of proving the first, second, fourth and fifth elements by a preponderance of the evidence. Bankruptcy Code § 547(g); *In re Prescott*, 805 F.2d 719, 726 (7th Cir. 1986). As to the third element (insolvency), Debtor is presumed as a matter of law to be insolvent during the 90 days prior to the Petition Date. Bankruptcy Code § 547(f); *Barash v.*

*Pub. Fin. Corp.*, 658 F.2d 504, 507 (7th Cir. 1981). This presumption is not conclusive and may be rebutted by Defendant, but the burden of proof remains with Trustee. *See Matter of Taxman Clothing Co., Inc.*, 905 F.2d 166, 168 (7th Cir. 1990); *Steege v. Affiliated Bank/North Shore Nat'l (In re Alper-Richman Furs, Ltd.)*, 147 B.R. 140, 153 (Bankr. N.D. Ill. 1992).

In this adversary proceeding, Trustee has the burden of proving the avoidability of the Transfers under § 547(b), and Defendant has the burden of proving the nonavoidability of the Transfers under § 547(c). Bankruptcy Code § 547(g). If Trustee meets her burden of proof, she will be entitled to judgment as a matter of law and thus, summary judgment, regarding her claim under § 547, unless Defendant can establish the existence of a genuine issue of material fact with regard a defense brought under § 547(c). *Grigsby v. Purolator Prods. Air Filtration Co., Inc. (In re Apex Automotive Warehouse, L.P.)*, 245 B.R. 543, 548 (Bankr. N.D. Ill. 2000). Defendant must present affirmative evidence; Defendant's denials in its answer to the allegations in Trustee's complaint are not sufficient for summary judgment purposes. *McGuane v. Everest Trading, LLC (In re McGuane)*, 305 B.R. 695, 701 (Bankr. N.D. Ill. 2004) (quoting *Scherer v. Rockwell Int'l Corp.,* 975 F.2d 356, 360 (7th Cir. 1992)).

Based on the admitted and undisputed material facts, and the presumption of Debtor's insolvency, Trustee has sustained her burden to prove that the Transfers are preferential. Upon this showing, the responsibility shifts to Defendant to "go beyond the pleadings" to cite evidence of a genuine issue of material fact that would preclude summary judgment. Defendant has admitted the elements of a preference set forth in § 547(b) with respect to the Transfers, has provided no evidence of a genuine issue of material fact that would preclude summary judgment and has not advanced any of the defenses found in § 547(c).[4] Therefore, the Court concludes

---

[4] Based on Admissions Nos. 16-20, Defendant has admitted that certain defenses do not apply.

that the Transfers are avoidable as preferential transfers, and are hereby avoided, and shall enter judgment on Trustee's behalf as to Count I of the Complaint.

<u>Count II – The Transfers are Fraudulent Transfers Pursuant to § 548(a)(1)(B)</u>

Trustee seeks to avoid the Transfers made during the two years immediately preceding the Petition Date in the amount $130,641 as fraudulent transfers pursuant to § 548(a)(1), which provides:

> The trustee may avoid any transfer … of an interest of the debtor in property … that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily –
>
> …
>
> (B) (i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
>
> (ii) (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation … .

"Section 548 of the Bankruptcy Code enables a trustee to avoid certain pre-petition transfers of property on the ground that the transfers were fraudulent. Fraudulent conveyance law protects creditors from last-minute diminutions of the pool of assets in which they have interests." *Grochocinski v. Schlossberg (In re Eckert)*, 388 B.R. 813, 829 (Bankr. N.D. Ill. 2008) (internal citations omitted).

"A cause of action under § 548(a)(1)(B) … is often referred to as 'constructive fraud' because it omits any element of intent." *Grochocinski,* 388 B.R. at 830 (citing *In re FBN Food Servs., Inc.,* 82 F.3d 1387, 1394 (7th Cir. 1996)). The elements of a fraudulent transfer must be proved by a preponderance of the evidence. *Bachrach Clothing, Inc. v. Bachrach (In re Bachrach Clothing, Inc.)*, 480 B.R. 820, 852 (Bankr. N.D. Ill. 2012) (citation omitted).

Based on the admitted and undisputed material facts, Trustee has sustained her burden to prove that the Transfers are constructively fraudulent. Upon this showing, the responsibility shifts to Defendant to "go beyond the pleadings" to cite evidence of a genuine issue of material

fact that would preclude summary judgment. Defendant has admitted the elements of a constructively fraudulent transfer set forth in § 548(a)(1)(B) with respect to the Transfers and has provided no evidence of a genuine issue of material fact that would preclude summary judgment. Therefore, the Court concludes that the Transfers are avoidable as constructively fraudulent transfers, and are hereby avoided, and shall enter judgment on Trustee's behalf as to Count II of the Complaint.

Count III – The Transfers are Recoverable Pursuant to § 550(a)

Trustee seeks to recover the value of the Transfers pursuant to § 550(a), which provides:

> to the extent that a transfer is avoided under section … 547, 548 … of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from –
>
> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made … .

For the reasons described above, the Court has avoided the Transfers under §§ 547 and 548(a)(1)(B), and because an "initial transferee has no defense against liability under § 550," *Smith v. SIPI, LLC (In re Smith)*, 811 F.3d 228, 244 (7th Cir. 2016), the Court concludes that the value of the Transfers is recoverable from Defendant, the initial transferee, and shall enter judgment on Trustee's behalf as to Count III of the Complaint.

*Conclusion*

Based upon the record before the Court and for the reasons set forth above, the Court GRANTS the Motion. The Court will enter judgment in favor of Trustee and against Defendant contemporaneously herewith.

IT IS SO ORDERED.

# # #